THE RAILROAD AND WAREHOUSE COMMISSION *ex rel.* Chicago, Burlington and Quincy Railroad Company, Appellee, *vs.* THE PEORIA AND PEKIN UNION RAILWAY COMPANY, Appellant.

*Opinion filed April 22, 1915.*

1. RAILROADS—*effect of the Crossings act of 1889.* The act of 1889, relating to the crossing of one railroad by another, (Laws of 1889, p. 223,) did not repeal section 19 of the general Railroads act, but its effect was to withdraw from the company seeking the crossing the arbitrary power of selecting the place and manner of crossing and to confer upon the Railroad and Warehouse Commission the power to prescribe the place and manner of crossing if the parties failed to agree.

2. SAME—*effect of amendment of the Crossings act in 1907.* The amendment, in 1907, of section 1 of the Crossings act of 1889 (Laws of 1907, p. 475,) was to withdraw from the railroad company desiring to make the crossing the right to agree with the other company with reference thereto, and to impose upon the Railroad and Warehouse Commission, in every instance, the duty of determining at what place and in what manner a proposed crossing shall be made.

3. SAME—*the right of one railroad to cross another still exists.*
The right of one railroad to cross another, as conferred by sec-
tion 19 of the general Railroads act, still exists notwithstanding
the Crossings act of 1889 and its amendment in 1907; but such
right is subject to the power of the Railroad and Warehouse Com-
mission, not to deny the crossing, but to say that it shall be made
at such a place and in such manner as will not unnecessarily im-
pede or endanger travel on the road to be crossed.

APPEAL from the Circuit Court of Sangamon county;
the Hon. JAMES A. CREIGHTON, Judge, presiding.

STEVENS, MILLER & ELLIOTT, (GILLESPIE & FITZGER-
ALD, of counsel,) for appellant.

EVERETT JENNINGS, J. A. CONNELL, and GRAHAM &
GRAHAM, (GEORGE M. MORGAN, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On October 21, 1913, the Railroad and Warehouse
Commission of this State granted to the Chicago, Burling-
ton and Quincy Railroad Company permission to cross at
grade the main track and a switch track of the Peoria and
Pekin Union Railway Company on Water street at a point
a short distance south of Bridge street, in the city of Peoria.
Upon appeal to the circuit court of Sangamon county the
order of the commission was affirmed. · This appeal has
been prosecuted by the Peoria and Pekin Union Railway
Company to reverse the judgment of the circuit court.

The purpose of the proposed crossing is to extend a
side-track from the present track of the Chicago, Burling-
ton and Quincy Railroad Company in Water street into the
wholesale district of the city of Peoria, permission having
been granted by the city to that company to use certain
streets and alleys of the city for that purpose. Appellant
does not contend that this can be accomplished otherwise
than by crossing its tracks at the place prescribed by the
commission and concedes that a crossing of its tracks at

such place can be effected only by a grade crossing. The appellant contends, however, that the Railroad and Warehouse Commission should have refused to grant the Chicago, Burlington and Quincy Railroad Company permission to cross the appellant's tracks at the place and in the manner selected by the railroad company even though a crossing could not be made at any other place or in any other manner, and in support of this contention urges that the commission is by statute vested with the power to prevent one railroad company from extending its tracks across the tracks of another railway, and that as the evidence shows that the operation of trains on appellant's tracks will be attended with great danger in case the proposed crossing shall be made, the commission abused its discretion in entering an order permitting the Chicago, Burlington and Quincy Railroad Company to extend its tracks across the tracks of appellant. Appellee, on the other hand, insists that the law confers upon it the right to cross appellant's tracks for any lawful purpose, and that the only power vested in the Railroad and Warehouse Commission with reference to such crossing is the power to determine and prescribe the manner and place of such crossing, and as appellant concedes that no other manner or place of crossing would be any more practicable than that prescribed, the order of the commission should not be disturbed.

The Chicago, Burlington and Quincy Railroad Company is a corporation organized under the laws of this State. Section 19 of the Railroad act of March 1, 1872, provides: "Every corporation formed under this act shall, in addition to the powers hereinbefore conferred, have power: * * * *Sixth*—To cross, intersect, join and unite its railways with any other railway before constructed, at any point in its route, and upon the grounds of such other railway company, with the necessary turn-outs, sidings and switches, and other conveniences, in furtherance of the objects of its connections; and every corporation whose rail-

way is or shall be hereafter intersected by any new railway, shall unite with the corporation owning such new railway in forming such intersections and connections, and grant the facilities aforesaid; and if the two corporations can not agree upon the amount of compensation to be made therefor, or the points and manner of such crossings and connections, the same shall be ascertained and determined in manner prescribed by law." (Rev. Stat. 1874, p. 803.) A few years after this act became effective it was held by this court that said section 19 conferred upon a railroad corporation organized under the laws of this State the right to cross the tracks of any other railway at such place and in such manner as the company seeking to make the crossing might select, upon paying just compensation, to be determined in the manner provided by the law of eminent domain, and that the courts could not, in any instance, prevent the exercise of such right. (*Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 97 Ill. 506.) Thereafter, in 1889, the legislature passed an act entitled "An act in relation to the crossing of one railway by another, and to prevent danger to life and property from grade crossings." (Laws of 1889, p. 223.) Section 1 of the act provided that "hereafter any railroad company desiring to cross with its tracks the main lines of another railroad company, shall construct the crossing at such place and in such manner as will not unnecessarily impede or endanger the travel or transportation upon the railway so crossed. If in any case objection be made to the place or mode of crossing proposed by the company desiring the same, either party may apply to the Board of Railroad and Warehouse Commissioners, and it shall be their duty to view the ground, and give all parties interested an opportunity to be heard. After full investigation, and with due regard to safety of life and property, said board shall give a decision, prescribing the place where and the manner in which said crossing shall be

267 — 30

made, but in all cases the compensation to be paid for property actually required for the crossing and all damages resulting therefrom shall be determined in the manner provided by law in case the parties fail to agree." This act did not purport to repeal the provisions of the Railroad act of 1872 conferring upon a railroad corporation organized under the laws of this State the right to cross the tracks of any other railway, but merely had the effect of withdrawing from the corporation seeking to make the crossing the arbitrary power of selecting the place and manner of crossing and to confer upon the Railroad and Warehouse Commission power to prescribe the place and manner of crossing where the railroad companies failed to agree thereon. In 1907 said section 1 of the act of 1889, *supra,* was amended so as to read as follows: "That hereafter any railroad company desiring to cross with its track or tracks the main track of another railroad company, shall, before constructing any such crossing, apply to the Railroad and Warehouse Commission for permission to make such crossing, and it shall thereupon be the duty of such commission to view the ground, and give all parties interested an opportunity to be heard. After full investigation, and with due regard to safety of life and property, said commission shall give a decision prescribing the place where and the manner in which said crossing shall be made, but in all cases the compensation to be paid for property actually required for the crossing and all damages resulting therefrom, shall be determined in the manner provided by law in case the parties fail to agree: *Provided,* that said commission shall only grant permission to construct such crossing at such place and in such manner as will not unnecessarily impede or endanger the travel or transportation upon the railroad to be crossed." (Laws of 1907, p. 475.) Said section 1 as amended also does not purport to repeal the provision above quoted from the Railroad act of 1872, but its evident purpose was not only to withdraw from the

railroad company seeking to make the crossing the arbitrary power of selecting the place and manner of crossing the tracks of another railway, but also to withdraw from such company the right to enter into an agreement with the company whose tracks are to be crossed fixing the place and manner of crossing, and to impose upon the Railroad and Warehouse Commission, in every instance, the duty of determining at what place and in what manner such crossing should be made.   In our opinion this was the sole purpose of the amendment of section 1 of the act of 1889. The legislature recognized the right of one railroad company to extend its tracks across the tracks of another company, but the power to prescribe the place and manner of crossing was vested in the Railroad and Warehouse Commission in order to compel the railroad company desiring to cross the tracks of the other company to make such crossing at such place and in such manner as would least endanger travel or transportation over such crossing.

It is true, as pointed out by appellant, that the amended section requires any railroad company desiring to cross with its track or tracks the main track of another railroad company to apply to the commission for "permission" to make such crossing, but a consideration of the entire section necessarily leads to the conclusion that the permission to be sought is not permission to cross the tracks of the other railway, but permission to cross such tracks at the place and in the manner selected by the railroad company desiring to make the crossing, and the commission cannot withhold such permission unless it prescribes some other place where or manner in which the crossing may be made. The statute makes no provision for a decision by the commission denying permission to make a crossing, but provides that the commission "shall give a decision prescribing the place where and the manner in which said crossing shall be made."   Nor does the proviso to said amended section recognize any right on the part of the commission

to determine whether any crossing shall be made. It does not authorize the commission to withhold permission in case the crossing will impede or endanger the travel or transportation upon the railway to be crossed, but only enjoins upon the commission the duty of prescribing such a place and manner of crossing as will not *unnecessarily* impede or endanger the travel or transportation upon the railroad to be crossed. In the case at bar it appears from the evidence, and it is virtually conceded by appellant, that the only feasible method of extending a side-track from the present track of the Chicago, Burlington and Quincy Railroad Company in Water street to the wholesale district of Peoria is by crossing appellant's tracks at the place and in the manner prescribed by the commission. While such crossing may impede or endanger the travel or transportation upon appellant's railroad it cannot be said that it will unnecessarily do so.

From a consideration of the legislation upon the subject it is our conclusion that section 19 of the Railroad act of 1872 confers upon the Chicago, Burlington and Quincy Railroad Company the right to cross the tracks of appellant in order to reach the wholesale district of Peoria, and that the only power conferred upon the Railroad and Warehouse Commission by the act of 1889, as amended in 1907, was the power to prescribe the place where and the manner in which such crossing should be made. Appellant having failed to show that the commission abused its discretion in prescribing the place and manner of crossing selected by the Chicago, Burlington and Quincy Railroad Company, the circuit court did not err in affirming the order of the commission.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*